Law Offices of
# GERALD P. GROSS, P.C.
366 Pearsall Ave. Suite 5 | Cedarhurst | NY 11516
Tel: (516) 371 - 2800 Fax: (516) 371 - 1512

GERALD P. GROSS
AVRAHAM GOLDBERG

GENE BERARDELLI
ALEXANDRA MCPHAIL*
*PARALEGAL

December 17, 2019

Magistrate Judge A. Kathleen Tomlinson
101 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014

Lewis Brisbois Bisgaard & Smith, LLP
77 Water Street, 21st Fl.
New York, NY 10005
Att.: Dale McLaren, Esq.

Nassau County's Attorney's Office
1 West Street
Mineola, NY 11501
Att.: Liora Ben-Sorek, Esq.

Re: *Wilson v. County of Nassau, et. al.*
CV 16-3571 (JS AKT)

Dear Magistrate Judge Tomlinson:

As you know, our office represents the Plaintiff in the above referenced case. On behalf of Plaintiff, please accept this letter motion requesting an Order pursuant to Rule 26(b)(4)(E) compelling the Armor Defendants to pay the agreed-upon sum of $3,000.00 for the appearance and deposition of Plaintiff's expert, Dr. Marcel Scheinman.

As the Court is assuredly aware, "[u]nless manifest injustice would result, [a] court must require" a party who seeks discovery from an expert to pay that expert "a reasonable fee for time spent in responding to discovery." See Fed. R. Civ. P. 26(b)(4)(E). "The underlying purpose of Rule 26(b)(4)(E) is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free of cost." See: *Cottrell v. Bunn-O-Matic Corp.*, Civ. No. 3:12CV1559 (WWE), 2014 U.S. Dist. LEXIS 54894, 2014 WL 1584455, at *1 (D. Conn. Apr. 21, 2014) (internal quotation and citations omitted); *Nnodimele v City of NY*, 2015 US Dist LEXIS 94889, at *3-4 [EDNY July 21, 2015, No. 13-CV-3461 (ARR).

In determining what constitutes a reasonable fee, courts consider a variety of factors, which include, but are not limited to:

*Wilson v. County of Nassau, et. al.*
16-CV-03571 (JS AKT)
Page **2** of **3**

(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters. *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645 (E.D.N.Y. 1997); *Nnodimele*, 2015 US Dist LEXIS 94889, at *5.

Here, the facts cannot be disputed, as all communications between Plaintiff and the Armor Defendants concerning Dr. Scheinman's deposition were memorialized in a series of emails, which are collectively attached hereto, and summarized below:

- On August 21, 2019, the Armor Defendants requested to take the deposition of Dr. Scheinman.

- On August 29, 2019, Plaintiff made the Armor Defendants aware of Dr. Scheinman's fee for appearing for the demanded deposition.

- That same date, the Armor Defendants replied **"Not a problem with regards to Dr. Scheinman's fee."** (emphasis added).

- After scheduling issues of which this Court was made aware (see: Docket No. 116, Order of 9/23/2019), the Armor Defendants took the deposition of Dr. Scheinman on October 7, 2019. Earlier in the day on October 7, 2019, Dr. Scheinman's office delivered an invoice and a W-9 form to the Armor Defendants, who confirmed receipt via email that same day.

- On November 18, 2019 – more than 30 days after Dr. Scheinman's deposition had been completed – Dr. Scheinman's office informed Plaintiff and the Armor Defendants that his fee remained unpaid. Our office immediately contacted the Armor Defendants to contact us immediately to resolve this matter. Within minutes of that email, the Armor Defendants' attorneys responded directly to Dr. Scheinman's office that they were inquiring with "my billing department" on the status of payment.

- Amazingly, on November 22, 2019, Plaintiff received correspondence via email from Kaplan Zeema, LLC, attorneys for the Armor Defendant's insurer, notifying the parties that "the Policy's Professional Liability aggregate indemnity limit has now been exhausted" and that it "reasonably expected" that the policy's **separate** aggregate limit for Claim Expenses was "**nearly** exhausted". (emphasis added).

- On December 9, 2019, Dr. Scheinman's office again contacted our office to inform Plaintiff that his fee still remained unpaid. Again, our office immediately contacted the Armor Defendants. That same day, the Armor Defendants contacted Plaintiff by phone to inform Plaintiff that the invoice had been passed along to Defendant directly, as the Armor Defendant's insurance policy has apparently been exhausted, though Plaintiff had received no such notice from the Armor

*Wilson v. County of Nassau, et. al.*
16-CV-03571 (JS AKT)
Page 3 of 3

Defendant's insurance carrier or its attorneys. Plaintiff immediately memorialized that phone conversation in an email, which the Armor Defendants have not disputed in any reply email.

The Armor Defendants' conduct as outlined above is outrageous and has prejudiced the relationship between Plaintiff and his expert, Dr. Scheinman. The counsel for the Armor Defendant agreed to Dr. Scheinman's fee well more than 30 days prior to the commencement of Dr. Scheinman's deposition: to wit, August 29, 2019. Additionally, Dr. Scheinman's deposition occurred more than 30 days prior to receipt of the November 22, 2019 notice from the Armor Defendants' insurance – which was still paying claim expenses inasmuch as the Claims Expenses limit had not yet been exhausted. Nonetheless, Defendant allowed over two months to pass without payment to Dr. Scheinman.

Incredibly, despite the November 22, 2019 notice of imminent exhaustion, and instead of paying the agreed upon fee to Dr. Scheinman pursuant to Rule 26(b)(4)(E) while claim expenses were still available, counsel for the Armor Defendants chose to work on, and, presumably, bill for, *inter alia*, Dr. Scheinman's deposition, as well as the Armor Defendants Rule 56.1 Statement of Facts.

It bears repeating that counsel for the Armor Defendants agreed in writing to pay Dr. Scheinman's fee in exchange for taking his deposition, and were, thus, afforded the benefit of deposing Dr. Scheinman's regarding his expertise and opinion. Counsel for the Armor Defendants then chose to delay timely payment to Dr. Scheinman, and, during such unreasonable delay, exhausted their clients' insurance coverage for claim expenses, presumably, on their own billable hours without regard to their outstanding obligation to Dr. Scheinman. Thus, Dr. Scheinman remains unpaid, and counsel for the Armor Defendants, presumably, have been unjustly enriched at Dr. Scheinman's expense.

Counsel for the Armor Defendant's conduct is wholly unacceptable and should not be countenanced by this Court. Accordingly, Plaintiff respectfully requests that the Court right this wrong, including, without limitation, compelling the Armor Defendants and their counsel to honor their word and comply with their legal obligations pursuant to Rule 26(b)(4)(E), and order immediate payment of Dr. Scheinman's fees, with such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

*/s/ Gene Berardelli*

GENE R. BERARDELLI, ESQ.